IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WIDENER MICHAEL WEEMS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-07-0590 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Widener Michael Weems, a state inmate proceeding *pro se*, seeks habeas corpus

relief under 28 U.S.C. § 2254 challenging his state court conviction for murder.  Respondent

filed a motion for summary judgment (Docket Entry No. 8), to which petitioner responded.

(Docket Entry No. 11.)

Based on consideration of the pleadings, the motion and response, the record, and the

applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the

reasons that follow.

## I.  PROCEDURAL BACKGROUND

Petitioner was convicted of murder and sentenced to life imprisonment.  The

conviction was affirmed on appeal.  *Weems v. State*, 167 S.W.3d 350 (Tex. App. – Houston

[14th Dist.] 2005, pet. ref'd).  The Texas Court of Criminal Appeals denied discretionary

review and denied petitioner's first application for state habeas relief without a written order

on findings of the trial court without a hearing.  *Ex parte Weems*, Application No. 65,256-

01, at cover. Petitioner filed a second application for state habeas relief, but it was dismissed by the Texas Court of Criminal Appeals as an abuse of the writ. *Ex parte Weems*, Application No. 65,256-02, at cover.

Petitioner raises the following grounds for federal habeas relief:

(1)     The State withheld favorable evidence in violation of *Brady*;

(2)     his Fifth Amendment protection against self-incrimination was denied;

(3)     his arrest was unlawful; and

(4)     his confession was coerced.

Respondent argues that petitioner's first two claims are procedurally defaulted and barred from consideration, and that the remaining two claims are without merit.

## II.  STANDARDS OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C).  A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The trial court may not weigh the evidence or make credibility determinations. *Id.*  Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d

746, 754-55 (5th Cir. 2000). The Supreme Court recognizes that facts must be viewed in the light most favorable to the nonmoving party at the summary judgment stage only if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Further, this petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

3

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

The state trial court denied habeas relief under the following order:

On this date, came on to be heard the petition for writ of habeas corpus and after having considered same finds that the petition does not contain sworn allegations of fact which if true, would render petitioner's confinement illegal, nor does it contain any unresolved facts material to [p]etitioner's confinement.

It is therefore ORDERED, ADJUDGED and DECREED that a Writ of Habeas Corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law, but that all other relief requested is denied without an evidentiary hearing.

*Ex parte Weems*, p. 35.

## III.  PROCEDURALLY BARRED CLAIMS

Petitioner claims that the State failed to disclose favorable defense evidence, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). He further claims that the State's use of his videotaped confession violated his Fifth Amendment protection against self incrimination.

4

Respondent asserts that petitioner did not raise these two claims in his first application for state habeas relief, and that the claims are now procedurally barred. A review of the record reveals that petitioner raised claims for an illegal search and seizure based on an unlawful arrest and for a coerced confession in his first state habeas application. *Ex parte Weems*, Application No. 65,256-01, p. 13. He subsequently raised his *Brady* and Fifth Amendment claims in the second state habeas application; the application was dismissed by the Texas Court of Criminal Appeals as an abuse of the writ. *Ex parte Weems*, Application No. 65,256-02, at cover. As a result, these two claims are now procedurally defaulted and may not be considered by this Court on federal habeas review. *See Lott v. Hargett*, 80 F.3d 161, 164 (5th Cir. 1996). ,

It is well established that federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously denied relief based on a state procedural rule. *Harris v. Reed*, 489 U.S. 255, 265 (1989): *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *see also Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). The Fifth Circuit recognizes that the abuse of the writ doctrine, as applied by the Texas Court of Criminal Appeals, is a regularly applied independent and adequate state ground and that dismissals of Texas state habeas applications on this basis creates a procedural bar with regard to the issued raised therein. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Accordingly, petitioner's *Brady* and Fifth Amendment claims are procedurally defaulted and barred from consideration by this Court.

5

A federal habeas petitioner may overcome such bar if he demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law or that the default would work "a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In his response to the motion for summary judgment, petitioner urges the Court to consider his *pro se* status, (Docket Entry No. 11, p. 4), but the fact that a prisoner proceeds *pro se* is not sufficient cause in itself to excuse a procedural bar. *See McCowin v. Scott*, 67 F.3d 100, 102 (5th Cir. 1995); *Hill v. Black*, 932 F.2d 369, 372-73 (5th Cir. 1991). "Cause" under the "cause and prejudice" standard must be an objective factor, external to a petitioner, that cannot be fairly attributed to him. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Meanes v. Johnson*, 138 F.3d 1007, 1011 (5th Cir. 1999). Finding no cause for the default obviates the need to consider whether petitioner has suffered actual prejudice. *See Glover v. Cain*, 128 F.3d 900, 904 n. 5 (5th Cir. 1997).

A federal habeas petitioner also may avoid the procedural bar by establishing that a fundamental miscarriage of justice would result from application of the bar, but this requires an assertion and persuasive showing of actual innocence. *See Coleman*, 501 U.S. at 750. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted. *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Petitioner demonstrates neither cause nor prejudice for the procedural default, nor does the record establish actual innocence of the underlying criminal offense. *See, e.g., Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000); *Fairman.*

As a result, petitioner's first two claims for habeas relief are procedurally defaulted and will not be considered by this Court.  Respondent is entitled to summary judgment dismissing these claims.

## IV.  FOURTH AMENDMENT CLAIMS

By his third and fourth habeas grounds, petitioner asserts that his conviction was obtained by use of his incriminating statements, which were coerced and unlawfully obtained incident to an unlawful arrest.  The record shows that petitioner challenged his written and videotaped statements during a pretrial suppression hearing.  The trial court denied the motion to suppress, and the ruling was affirmed by the state court of appeals on direct appeal.[1]  Respondent argues that these claims are barred from federal habeas review by virtue of *Stone v. Powell*, 428 U.S. 465, 494 (1976).  This Court agrees.

In *Stone*, the Supreme Court held that, where the defendant has a full and fair opportunity to litigate Fourth Amendment claims in state court, he may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In the instant case, it is clear that petitioner was afforded a full, but unsuccessful, pretrial suppression hearing on his Fourth Amendment claims.

---

[1]The state court of appeals construed petitioner's challenge as an unlawful arrest claim: "In his sole appellate issue, appellant contends the trial court erred by denying his motion to suppress his incriminating statements because, he claims, the State failed to prove the police had probable cause to arrest him, and thus, his in-custody statements were the fruit of an unlawful arrest." *Weems*, 167 S.W.3d at 354.

Accordingly, petitioner's third and fourth grounds for habeas relief are barred from review by this Court, and respondent is entitled to summary judgment dismissing these claims.

## VI. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 8) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the _30th_ day of October, 2009.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE